UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LINDA C. WILSON, | Case No. 13-cv-3166-W (BLM) |
|---|---|
| Plaintiff, | **ORDER:** |
| v. | **(1) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [DOC. 2]; AND** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | **(2) DISMISSING COMPLAINT WITHOUT PREJUDICE** |
| Defendant. | |

On December 26, 2013, Plaintiff Linda C. Wilson commenced this action against Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, seeking judicial review of a decision denying disability benefits. On the same day, she filed a motion seeking leave to proceed *in forma pauperis* ("IFP"). (Doc. 2.) For the reasons outlined below, the Court **DENIES** Plaintiff's IFP motion.

The determination of indigency falls within the district court's discretion. Cal. Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), rev'd on other grounds, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court

to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis*. <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." <u>Id.</u> at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." <u>Temple v. Ellerthorpe</u>, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. <u>See</u> <u>e.g.</u>, <u>Stehouwer v. Hennessey</u>, 841 F. Supp. 316, 321 (N.D. Cal. 1994), <u>vacated in part on other grounds</u>, <u>Olivares v. Marshall</u>, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." <u>Wilson v. Dir. of Div. of Adult Insts.</u>, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing <u>Stehouwer</u>, 841 F. Supp. at 321); <u>see also</u> <u>Allen v. Kelly</u>, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Furthermore, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." <u>United States v. McQuade</u>, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff's application fails to meet the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff is currently unemployed, but receives cash aid from the county approximately in the

amount of $44. (IFP Mot. at ¶ 1–3 [Doc. 2].) She also lists her husband's income from a temporary position at Walmart amounting to $1,200. (Id. ¶ 3.) Plaintiff either does not have a checking or savings account, or has no money in either. (See id. ¶ 4.) But she does own an automobile, though she fails to approximate its value. (Id. ¶ 5.) Plaintiff lists 3 dependents under the age of 18, $800 per month in expenses, and "a lot of medical bills" as a debt or financial obligation. (Id. ¶¶ 6–8.) Based on the details given by Plaintiff, she has a net-positive monthly source of money. However, the Court emphasizes that this conclusion is based on the few details that Plaintiff provides in her IFP application. It does not contemplate the value of the automobile and the medical bills because Plaintiff did not provide specific values for either. Therefore, without more detailed information, the Court cannot conclude that paying the court filing fees would impair Plaintiff's ability to obtain the necessities of life. See Adkins, 335 U.S. at 339.

In light of the foregoing, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis* (Doc. 2), and **DISMISSES WITHOUT PREJUDICE** the complaint. Pursuant to this order, Plaintiff is granted 30 days' leave to pay the filing fee required to maintain this action pursuant to 28 U.S.C. § 1914, or to submit additional documentation regarding her financial status. **IF PLAINTIFF CHOOSES TO FILE ADDITIONAL INFORMATION REGARDING HER POVERTY, SHE MUST ATTACH A COPY OF THIS ORDER.** Additionally, Plaintiff is reminded that an IFP application is made under penalty of perjury, and any false statements may result in dismissal of her claims, imprisonment of not more than five years, or a fine. See 18 U.S.C. §§ 1621, 3571.

**IT IS SO ORDERED.**

**DATE: December 30, 2013**

*[signature]*

HON. THOMAS J. WHELAN
United States District Court
Southern District of California